[Crim. No. 737.   Second Appellate District, Division Two.—August 10,
1920.]

In the Matter of the Application of JAMES E. TIFFANY
for a Writ of Habeas Corpus in Behalf of WILLIAM
McFARLAND TIFFANY.

[1] JUVENILE COURT ACT—JUDGMENT—HABEAS CORPUS.—A judgment
of a juvenile court which recites that the steps prerequisite to
jurisdiction were taken cannot be collaterally attacked, as on
*habeas corpus.*

PROCEEDING on Habeas Corpus to secure the release
of a minor from the custody of the juvenile court.   Writ
discharged.

The facts are stated in the opinion of the court.

W. W. Judd for Petitioner.

Paul Schenck and Richard Kittrelle for Respondent.

WELLER, J.—The petition recites that James E. Tiffany
is the father and proper guardian of William McFarland
Tiffany, who is restrained of his liberty by the judge of the
bation officer, and May C. Sprague, matron of Maude
juvenile court of Los Angeles County, the referee, pro-
Booth Home in Los Angeles.   The detention is alleged to
be illegal in that a petition under the provisions of the
Juvenile Court Act was filed on August 28, 1919, and the
boy found by the referee to be a ward of the juvenile court,
without the knowledge of this petitioner, and that no citation
was served upon the father as required by law.

The respondent May C. Sprague, matron of the Maude
Booth Home, answered to the writ, stating that the boy was in.

her custody by virtue of a judgment entered in the juvenile
court on September 5, 1919. Attached to her answer is a
certified copy of the judgment, which recites that notice
was served on James E. Tiffany more than twenty-four hours
before the hearing, and that he was present at the time
specified in the citation. By the judgment the boy is de-
clared a ward of the court and ordered committed to the
Maude Booth Home, in custody of the probation officer.

The Juvenile Court Act (Stats. 1915, p. 1225) provides
that upon the filing of a petition stating that any person
under the age of twenty-one years has no parent or guardian
willing to exercise or capable of exercising proper parental
control over him, a citation shall issue and be served on the
parent or guardian having custody of the child at least
twenty-four hours before the time therein specified for a
hearing. Service of citation may be waived by voluntary
appearance, and entry thereof made in the minutes of the
court, or by written waiver filed with the clerk. On the
hearing, the child may be declared a ward of the court and
committed to the custody of the probation officer as in the
act provided, subject to be returned to the court for further
proceedings whenever deemed necessary or desirable. Any
order so made by the court may be changed, modified, or
set aside, as to the judgment of the court may seem proper.

[1] The judgment in this case recites that the steps pre-
requisite to jurisdiction were taken; and on collateral attack,
the recitals are conclusive on this court. The petitioner in
this proceeding is not permitted to prove that any statement
contained in the judgment is false; and no evidence can be
received to contradict the judgment, except to be in a pro-
ceeding in the superior court, brought directly for that pur-
pose. (*Ex parte Sternes*, 77 Cal. 156, [11 Am. St. Rep.
251, 19 Pac. 275].) The judgment being valid on its face
cannot be impeached in this proceeding.

Writ discharged.

Finlayson, P. J., and Thomas, J., concurred.