[Crim. No. 1526.   Third Appellate District.—November 13, 1936.]

THE PEOPLE, Respondent, v. ESTELLE SPIERS, Appellant.

H. B. Churchill for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent. ·

PLUMMER, J.—The appellant was convicted upon an information filed on or about June 23, 1936, the charging part of which is as follows:

"Said defendant, on or about the 10th day of May, 1936, in the county of Lake, state of California, did then and there wilfully, unlawfully and maliciously take away a minor child, to-wit, Mary Spiers, who was then and there of the age of thirteen years, with intent then and there to detain and conceal such child from J. C. Anton, who was then and there the probation officer of Lake county, and who was then and there the person having the lawful charge of such child; that said taking away was without the consent and against the will of said J. C. Anton."

The defendant's motion for a new trial being denied, the defendant prosecutes this appeal from both the order denying her motion for new trial, and from the judgment based upon the verdict of conviction.

Mary Spiers, the minor mentioned in the information just set forth, is the child of the defendant, and was living with the defendant at or near Kelseyville, in the county of Lake, prior to the beginning of any proceedings seeking to have Mary Spiers adjudged a ward of the juvenile court.

The record shows that on or about the 18th day of June, 1935, D. F. McIntire, the then probation officer of the county of Lake, state of California, filed a petition with the clerk of the juvenile court, seeking an order of said court declaring Mary Spiers a ward thereof; that thereupon, and on the same day, a hearing was had on said petition, and

Mary Spiers, through a purported order of the juvenile court, was adjudged a ward thereof, and placed on probation in the care, custody and control of D. F. McIntire; that thereafter, and on or about the 18th day of April, 1936, J. C. Anton, the successor of D. F. McIntire, as probation officer, filed a petition seeking a modification of the aforesaid order, and thereupon, on the 2d day of May, 1936, the juvenile court made its purported order modifying the order of June 18, 1935, and placing said minor in the care, custody and control of the probation officer, to be by him placed in the Ursuline Academy, at St. Helena, California, or to be by him placed in some other school or proper home he should determine to be fit and proper. On the last date a further order was made again modifying the first order, to the effect that the welfare of said Mary Spiers required that her custody be taken away from her mother, Estelle Spiers; that on the 2d day of May, 1936, the probation officer placed Mary Spiers in the Ursuline Academy at St. Helena; on the 3d day of May, 1936, Mary Spiers ran away from the academy, and arrived first at the town of St. Helena, at which place she visited an aunt's home, and thereafter was picked up by another aunt and brought to the town of Middletown, in Lake county; that Mary Spiers arrived at Middletown with her aunt at the hour of about 11 o'clock at night, and her mother, in company with the defendant Straud Deck, met her; Mary, the mother, and Deck started from Middletown to Kelseyville, the home of the mother; on the way they stopped to see one Tom Smith. The record then shows that the defendant, Deck, and Smith, went with the minor to the home of one James Buchanan, where Mary was living for the period of about one week; that thereafter, Deck, the defendant, Tom Smith and Mary Spiers left Lake County, went to Santa Rosa, where Mary bade goodbye to her mother, and in company with Tom Smith, went to the town of Chowchilla in the county of Madera, where Mary remained for the period of about one and one-half weeks, at the home of a family by the name of Hooper, of whom Tom Smith rented a room. There is evidence in the record to the effect that the defendant knew of Mary Spiers accompanying Tom Smith to the home of the Hoopers near Chowchilla, and talked the matter over with Smith.

While many questions have been presented for our consideration by counsel for the respective parties, and have all been considered, we deem it unnecessary to discuss many of them by reason of what is hereafter said.

Section 1 of the Juvenile Court Law, Appendix to the California Penal Code, page 496, as compiled by A. V. Lake & Company, sets forth fourteen subdivisions for adjudging minors wards of the juvenile court. Section 2 specifies that anyone under the age of twenty-one years, coming within any of the subdivisions of section 1, may be adjudged a ward of the juvenile court. Section 3 provides for an investigation being made by the probation officer of the county in which the minor resides, and also for the filing of petitions, either by the probation officer or by any other person. Section 3 (a) is to the effect that no fees shall be chargeable therefor. Section 3 (b) sets forth that if a petition is filed by any other person than the probation officer, that the clerk of the juvenile court shall immediately notify the probation officer. Section 4 makes it mandatory to give notice of the filing of the petition, at least twenty-four hours before the hearing, to the parent or parents of the minor, or to any person with whom the minor is residing and also further provides that service of citation may be waived by any person by a voluntary appearance, such fact being entered upon the minutes of the juvenile court. Section 4, *supra,* is in the following words, to wit:

"Upon the filing of the petition provided for in section 3 hereof, a citation shall issue, requiring the person or persons having the custody or control of the person alleged to come within the provisions of any of the subdivisions one to thirteen inclusive, of section 1 of this act, to appear with said person so alleged at the time and place stated in the citation. Service of said citation *must* be made at least twenty-four hours before the time stated therein for such appearance. The parents or guardian of said person so alleged, if residing within the county in which the court sits, and if their places of residence be known to the petitioner, or if there be neither parents nor guardian so residing, or if their places of residence be not known to the petitioner, then some relative of said person so alleged, if any there be residing within said county, and if his resi-

dence and relationship to said person so alleged be known to the petitioner, shall be notified of the proceedings by service of citation requiring him or them to appear at the time and place stated in said citation. Service of citation may be waived by any person by a voluntary appearance entered in the minutes of the court, or by a written waiver of service of citation filed with the clerk of the court at or prior to the hearing. In any case, the judge presiding in the juvenile court may appoint some suitable person to act in behalf of said person so alleged, and may order such further notice of the proceedings to be given as he may deem proper.''

The petition filed by D. F. McIntire on the 18th day of June, 1935, leading to the first order of the juvenile court, is as follows:

''Your petitioner, D. F. McIntire, respectfully represents: That there is now within the county of Lake, state of California, a person named Mary Spiers; that said person is under the age of twenty-one years, to-wit, of the age of twelve (12) years; that said person comes within the provisions of subdivisions 10 and 11 of section 1 of the Juvenile Court Law of the State of California, in this, that said Mary Spiers has been kept out of school for the better part of two years by her mother, Estelle Spiers; that the said Estelle Spiers has permitted the said Mary Spiers to attend public dances alone and to roam the streets of Kelseyville unattended at late hours of the night; that the said Mary Spiers has attended school not over one week during the last two school years, and has habitually absented herself from school during said two-year period of time without cause or justification; and that she is a person in danger of leading an idle and dissolute life, in that she has frequently attended public dances unattended by her mother or any other proper person, without a proper chaperon, and often in the company of young men who have taken her home from such dances at late hours of the night. And that Mary Spiers is said person, residing within said county, whose place of residence is known to your petitioner to be at Kelseyville, Lake county, California;

''WHEREFORE, your petitioner prays that this honorable court set a time and place for the hearing of this petition; that Estelle Spiers be cited to appear at said time and

place, and to bring said person, and to show cause, if any have, why said person should not be adjudged a ward of the above entitled juvenile court; that ........ be subpoenaed to be present as witness at said time and place; that a warrant do issue for the arrest and detention of said person; and that this honorable court, at said time inquire into the truth of the matters herein alleged, and, in pursuance of the statute in such case made and provided, make such order in the premises as to this honorable court may seem meet and proper.

D. F. McINTIRE, Petitioner.''

(The foregoing petition is set forth as it appears in the transcript.)

The order of the juvenile court set forth in the transcript, based upon said petition, is as follows:

''The petition of D. F. McIntire heretofore filed herein praying the above entitled court adjudge the said Mary Spiers to be a ward' of the juvenile court, and deal with said person as provided in that certain act of the legislature of the state of California, known as the Juvenile Court Law, approved June 5, 1915, and amendment thereto, this day coming on regularly to be heard, the said Mary Spiers being personally present in court, and represented by her counsel, Lovett K. Fraser, Esq., and due proof being made to the satisfaction of the court, it is the judgment of the court;

''That the said Mary Spiers is a person under the age of majority, to-wit, of the age of twelve years; that she is a person coming within the provisions of subdivisions 2, 10 and 11 of section 1 of the Juvenile Court Law of the state of California; that the permanent home and residence of the said Mary Spiers and of her mother, Estelle Spiers, is at Kelseyville, Lake county, California; that the said Mary Spiers is hereby adjudged a ward of the juvenile court of the state of California, in and for the county of Lake, and placed on probation in the care, custody and control of D. F. McIntire, probation officer of the county, and to remain in the home of her mother, the said Estelle Spiers, subject to visitation by the said D. F. McIntire, probation officer, at all reasonable times, and within his discretion and subject to being returned to this court for further proceedings whenever such action may appear necessary or desir-

able to the court; that the said Mary Spiers shall not be removed from the said county of Lake, without the consent of the probation officer of said county having been first obtained; and in case of such removal without the consent of the probation officer, such action will be deemed in contempt of this court.

"Dated, this 18th day of June, 1935.

"BENJAMIN C. JONES,

"Judge of said Court."

Thereafter, upon petition of J. C. Anton, the juvenile court on the 2d day of May, 1936, made what purports to be an amendatory order of the order theretofore made on the 18th day of June, 1935, reciting, among other things, as follows: "That Mary Spiers, by order of the juvenile court of the state of California, in and for the county of Lake, on the 18th day of June, 1935, was adjudged a ward of the juvenile court, and placed on probation in the custody and control of the probation officer of Lake county," etc. And further: "Now, therefore, the said Mary Spiers is here, now adjudged and decreed to be a ward of the juvenile court, and the order heretofore made in this court on the 18th day of June, 1935, is hereby modified, and it is hereby ordered that the said ward be committed, until the further order of the court, to the care, custody and control of the probation officer of the said county of Lake, to be by him placed in the Ursuline Academy, at St. Helena, Napa county, state of California, or some other school or proper home he should determine to be fit and proper, subject to the visitation of the said probation officer. And it is hereby further ordered that Estelle Spiers, mother of said ward, pay to the auditor of the county of Lake, state of California, the sum of twenty-five dollars per month toward the support and maintenance of said ward."

This order, on the same day, was further modified to the effect that the court found that the welfare of the minor necessitated taking of her custody from her mother, Estelle Spiers.

On the part of the appellant it is contended that the record so presented shows that the juvenile court had no jurisdiction on the 18th day of June, 1935, to adjudge Mary Spiers a ward of the juvenile court, and that the

amendatory orders thereafter made did not give life and vitality to the order made on the 18th day of June, 1935.

On the part of the respondent it is contended that while the order of June 18, 1935, does not contain any mention of service of notice upon the mother of the ward, or upon anyone having her custody, under the decision of the court in the case of *Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742], everything necessary to give the court jurisdiction will be presumed to have been taken or done unless the contrary appears on the face of the record. While this is true as a general proposition, section 4 of the Juvenile Court Law, *supra*, includes certain steps necessary to invest a juvenile court with jurisdiction. Section 4 of the Juvenile Court Law makes it mandatory, as we have shown by setting it forth herein, upon the filing of a petition asking that a minor be adjudged a ward of the juvenile court, that citation giving twenty-four hours' notice must be given to the parents, guardians, or other person with whom the minor may reside. The record in this case shows that the McIntire petition was filed on the 18th day of June, 1935. The record also shows that the hearing was had and the order of the court was made and entered on the same day, to-wit, the 18th day of June, 1935, showing conclusively the impossibility of twenty-four hours' notice being given to the mother of the minor. True, there is nothing in the record to the effect that the mother appeared and waived service of citation, or that anything of the kind was entered in the minutes of the juvenile court. Where opportunity is given for the service of summons, and nothing further appears, it will be presumed that service of summons has been had according to the statutes providing therefor. This statement is based upon the opinion in *Hahn* v. *Kelly*, *supra*, but our attention has not been called to any case, nor in our search of the authorities have we found any case where the record shows the impossibility of serving a citation as required by the statutes, that it will be presumed that the person to whom the citation should have been issued voluntarily appeared in the action and waived service. In other words, where it appears from the record that the statutes providing for the service of notice could not have been followed, it will not be presumed that the person to whom the citation should have issued, and to whom notice

required by the statute should have been given, appeared and waived service of notice. The original order purporting to adjudge Mary Spiers a ward of the juvenile court being void for want of jurisdiction, as shown, by failure to comply with section 4 of the Juvenile Court Law, *supra*, which we hold to be jurisdictional, the orders thereafter made purporting to amend the void order, likewise fall therewith. The presence of the defendant in the court-room, if such be the case, at the time the amended orders were attempted to be made, would not obviate the want of jurisdiction as hereinbefore shown. As the mother of Mary Spiers, a minor at the time mentioned in the information, the appellant had the legal custody of her child, and could not legally be convicted of stealing her child so long as she had not been divested of her legal custody of such child.

The order and judgment are reversed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 10, 1936.