[Crim. No. 2069.   Third Dist.   Apr. 7, 1948.]

In re THELMA HYNES, on Behalf of DARLENE STASER, for a Writ of Habeas Corpus.

Archibald D. McDougall for Petitioner.

Fred N. Howser, Attorney General, John Quincy Brown, District Attorney, and John B. Heinrich, Supervising Deputy District Attorney, for Respondent.

THOMPSON, J.—Thelma Hynes, the mother of Darlene Staser, a minor, by means of habeas corpus, seeks the release of said minor after she was adjudged by the Juvenile Court of Sacramento County to be a ward of the court and was placed in the custody of The University Mound Training School of San Francisco.

It is claimed the juvenile court lacked jurisdiction to declare the minor a ward of the court for the reasons that: (1) The application by the probation officer was not verified and stated no grounds for the order as required by section 722 of the Welfare and Institutions Code; (2) no citation of said application or hearing was served upon the mother or father of the minor 24 hours before the hearing, or at all, as required by section 726, and that the parents had no previous notice or knowledge thereof, and had not consented to said order; (3) the hearing and order were made without notice on the same day the application therefor was filed in the juvenile court.

The petition for the writ of habeas corpus alleges that Thelma Hynes is the mother of said minor child who was then 16 years of age; that petitioner and her former husband, Roy C. Staser, were divorced August 19, 1942, and their daughter, Darlene, was awarded to the custody of her mother by the terms of the decree of divorce, and still remains in her sole custody; that the child was adjudged to be a ward of the court and placed in the custody of The University Mound Training School at San Francisco, on April 15, 1946, without previous citation, notice or knowledge on the part of her mother, upon written application of the probation officer, which was not verified and which stated no grounds therefor; that said application was filed in the juvenile court

and the hearing had, without notice; that the order was made at 9 o'clock a. m. on the same date last mentioned; that the court lacked jurisdiction and that the order adjudging the child to be a ward of the court is therefore void. Copies of the order of court and the subsequent order modifying it, on August 30, 1946, are attached to the petition for a writ of habeas corpus, and made parts thereof.

The return and answer to the petition for a writ of habeas corpus affirmatively alleges that the application to declare the minor a ward of the juvenile court was filed April 15, 1946; that "Notice of the Hearing was actually served upon Thelma Hynes, . . . the mother of the minor child herein, and the person having the care and custody of said minor child, in accordance with the provisions of Section 726 of the Welfare and Institutions Code"; that a subpoena was issued and served upon her on April 15, 1946, requiring her to appear and testify in said matter, and that the hearing occurred on April 17th, upon which date the judge, in "open court," made his written order determining that the minor is a ward of the juvenile court and committing her to The University Mound Training School at San Francisco. The said order and subsequent modification thereof were attached to the answer and made parts thereof. The answer denied all other allegations of the petition for a writ of habeas corpus.

Upon hearing in this court of the petition for a writ of habeas corpus, the application of the probation officer to declare said minor a ward of the court, the order of commitment and modification thereof, together with the subpoena were received in evidence. No oral testimony was adduced. The minutes, records and proceedings of the juvenile court, upon hearing of the application to adjudge the minor a ward of the court, are not otherwise before this court.

■ ■ The burden is on the petitioner to establish the essential allegations of his petition for a writ of habeas corpus. The presumption of the regularity of the proceedings in support of a judgment prevails in the absence of evidence to the contrary. (*In re Knight*, 62 Cal.App.2d 582, 586 [144 P.2d 882]; *In re Wallace*, 24 Cal.2d 933, 938 [152 P.2d 1]; 13 Cal.Jur., § 53, p. 275.) In the present proceeding the petitioner failed to sustain that burden.

■ An examination of the record before this court discloses the fact that the probation officer's application for the order adjudging the minor to be a ward of the court was filed in the juvenile court April 15, 1946. It is signed by the

assistant probation officer, as is also the verification, but the verification does not appear to have been sworn to before an officer. The application alleges that Darlene · Staser "comes within the provisions of Subdivision (b) of Section 700 of the Welfare and Institutions Code; . . . That the said alleged ward has no parent or guardian willing to exercise or capable of exercising proper parental control; and who is in need of such control." It states the names of the parents and the address of the mother. The subpoena, which was issued in that matter and served on the mother on April 15th, commands her to appear as a witness in that matter in the juvenile court on April 16th. The written judgment recites that "due and legal notice having been given to all parties entitled thereto," (the name and address of the mother appearing in the petition)· and "It duly appearing to the said Court that .said person comes within the terms of Subdivision b of Section 700 of the Welfare and Institutions Code, . . . Now, therefore, it is hereby expressly found that all statements of fact contained in said petition [of the probation officer] are true." Said facts, so alleged, are that the ward is in need of control, and that she has no parent or guardian "willing to exercise or capable of exercising proper parental control." The judgment, which was rendered "in open Court this 17th day of April, 1946," and signed by Peter J. Shields, judge of the superior court, declares that Darlene Staser is a ward of the court, and. commits her to the care of The University Mound Training School of San Francisco. The subsequent modification of that order is immaterial for the purpose of this proceeding.

The petitioner in this habeas corpus proceeding contends that the application of the probation officer fails to state facts sufficient to authorize the juvenile court to make the order adjudging the minor to be a ward of the court. The complaint, however, states that the minor comes within section 700, subdivision (b) of the code, and that she "has no parent or guardian willing to exercise or capable of exercising proper parental control" and that she is "in need of such control." The court found that those allegations were true. This is an apparent attempt to state facts bringing the minor within the provisions of the code, even though it may be deemed to be subject to demurrer for uncertainty for lack of more particular details. Assuming that the pleading is subject to demurrer, it nevertheless conferred jurisdiction on the juvenile court, and is not subject to collateral attack,

on that ground, upon habeas corpus. (*In re Marmaduke*, 114 Cal.App. 278, 282 [299 P. 835] ; *In re Edwards*, 208 Cal. 725, 734 [284 P. 916] ; *Matter of Maginnis*, 162 Cal. 200, 206 [121 P. 723] ; *In re Gutierrez*, 46 Cal.App. 94 [188 P. 1004] ; 14 Cal.Jur., § 35, p. 146.) In the Marmaduke case, *supra*, the court said:

". . . according to the decisions in analogous matters by the courts of this state, a nicety of pleading is not required. In the case entitled *In re Gutierrez*, 46 Cal.App. 94, 96 [188 P. 1004], it is held that, 'even where the petition is obviously open to demurrer for an insufficient statement of the facts, *if it appears from the declarations that there is a purported or attempted statement of facts which would confer jurisdiction, the question as to such sufficiency of statement will not be examined into on habeas corpus.*' " (Italics added.)

We are of the opinion the pleading in this case adequately states facts which gave the court jurisdiction, at least as against the collateral attack of· petitioner in this habeas corpus proceeding.

█ Section 721 of the Welfare and Institutions Code does not require the probation officer to make an investigation of a charge as a necessary prerequisite to filing the petition. That provision is not mandatory. It is merely discretionary. (*In re Peterson*, 56 Cal.App.2d 791, 794 [133 P.2d 831].) In this case the assistant probation officer, herself, filed the petition. She made an affidavit of the truthfulness of the charges, although it was not sworn to. It must be presumed that she investigated the facts and approved the filing of the charges.

█ It is true that the petition in the juvenile court was not verified before an officer authorized to administer the oath. The probation officer, however, signed the affidavit, averring that the facts contained therein were true of her own knowledge. Section 722 of the code declares that "Such petition shall be verified." The omission to swear to that affidavit attached· to the petition constituted a mere defect of pleading. It did not deprive the court of· jurisdiction. (*Board of Education* v. *Mulcahy*, 50 Cal.App.2d 418, 423 [123 P.2d 114] ; *Henderson* v. *Palmer Union Oil Co.*, 64 Cal. App. 81, 83 [220 P. 672] ; *Jenssen* v. *R. K. O. Studios, Inc.*, 20 Cal.App.2d 705, 707 [67 P.2d 757].) In the Mulcahy case, *supra*, it is said:

". . . While it is true that in certain actions, such as to quiet title, and practically all special proceedings, the law requires the complaint or petition to be verified, it is the established rule that failure to do so constitutes only a defect in pleading *not affecting the jurisdiction of the court.* . . ." (Italics added.)

If the mother of the child was served with citation 24 hours before the hearing, and she failed to appear, or was present and failed to object to the petition on that ground, she must be deemed to have waived that defect. The petition for the order alleged that Thelma Staser was the mother of the child, and that she resided at 605 12th Street, Sacramento. The judgment recites that due and legal notice was given to "all parties entitled thereto." In the absence of evidence to the contrary, we must assume, in support of the findings and judgment, that she was duly and legally served with citation, as required by law. Moreover, the affidavit of the truthfulness of the allegations of the petition was actually signed by the probation officer, although it was not sworn to. We are of the opinion the failure of the officer to swear to her petition, under the circumstances of this case, did not deprive the court of jurisdiction.

The petitioner asserts that the court was without jurisdiction to hear or determine the application, for the reason that the hearing was not set as required by section 723 of the code. That section provides that "Either the judge of the juvenile court or the clerk thereof may set the time for the hearing of such petition." No adequate evidence was adduced at this habeas corpus hearing as to whether said petition was or was not set for hearing as required by the statute. In the absence of such evidence we must assume the officers performed their duty and regularly set the matter for hearing as required by law. The minutes of the juvenile court may show that the *judge* set the matter for hearing on a proper date. No evidence was offered in that regard. The petitioner argues that, because the petition contains an unsigned printed form at the bottom thereof, into which the date is inserted in typewriting, which reads, "The within petition is hereby set for hearing *by the Court* on April 15, 1946, at the hour of 9:00 o'clock A. M.," it is therefore evident that the matter was not set for hearing by either the judge or the clerk. That does not necessarily follow. The law does not require the petition to contain evidence of the setting of the cause or the time of hearing

thereof. That very printed form contemplates that the order setting the time of hearing would be made "by the court." The fact that the form is not signed by the clerk furnishes no evidence that the juvenile court did not regularly set the time of hearing as required by law. The regular setting of the cause was an issue in this proceeding. The minutes of the court were not offered in evidence. No witness was called upon that issue, or at all. We must therefore assume that it was regularly and duly set for hearing.

Finally, the petitioner insists that the court was without jurisdiction to make the order determining that the minor is a ward of the court because no citation was issued or served on the mother, who was conceded to have been awarded the custody of the child, 24 hours before the hearing. We assume that the issuance and service of a citation upon the mother 24 hours before the hearing were a necessary prerequisite to confer jurisdiction on the court (*People* v. *Spiers*, 17 Cal.App.2d 477, 484 [62 P.2d 414]; Welf. & Inst. Code, § 726), although that failure may be waived by personal appearance of the mother at the hearing, and without objection on that ground. (*People* v. *Spiers, supra*.) No evidence was adduced at the habeas corpus proceeding to show whether the citation was issued or whether the mother was or was not present at the hearing in the juvenile court. The petitioner's attorney did state that he wanted to call the mother as a witness for that purpose, but he failed to do so.

The order of commitment recites that "due and legal notice having been given to all parties entitled thereto," as we have previously stated. The application to make the minor a ward of the court affirmatively shows that the mother was the only party entitled to that notice. The complaint shows that it was filed in the juvenile court on April 15th. The commitment was made "in open Court," on April 17th. That was the second day after the pleading was filed. It may not therefore be held, in the absence of evidence to the contrary, as the Spiers case clearly infers, that it was impossible to have served the citation on the mother 24 hours before the hearing.

The record before us discloses the fact that the hearing was not held on the same day the complaint was filed, which was April 15th, as the petitioner contends, because the subpoena which was served on the mother that day to appear in that matter as a witness commands her

to do so "on the 16th day of April, A. D. 1946." That subpoena may not be deemed to be an adequate substitute for a proper citation. It is merely referred to as evidence that the hearing did not take place on the same day the complaint was filed. In the absence of evidence to the contrary, we may assume the hearing was reguarly set for April 16th, but that it was continued to the following day, the 17th of April, since the commitment was then made "in open Court" on the last-mentioned date.

For the reason that the petitioner, Thelma Hynes, failed to sustain the burden cast upon her to prove that the citation was not issued and served on her at least 24 hours before the hearing and that she did not appear and waive due notice thereof, we are constrained to hold that the order adjudging the minor to be a ward of the court is adequately supported by the record.

The writ is discharged and the ward is remanded.

Adams, P. J., and Peek, J., concurred.