[Crim. No. 5070. In Bank. Sept. 12, 1950.]

In re NORMAN ETHERINGTON on Habeas Corpus.

Arthur De Beau Carr for Petitioner.

Fred N. Howser, Attorney General, and C. J. Scott, Assistant Attorney General, for Respondent.

SPENCE, J.—By means of habeas corpus, Freda Mickelson, the mother of Norman Etherington, a minor, seeks his release from custody after he was adjudged by the Juvenile Court of Nevada County to be a ward of the court and committed to the California Youth Authority. She challenges upon these grounds the jurisdiction of the court to make the order of commitment: (1) failure to serve notice of the hearing of the juvenile court proceedings upon her as required by law (Welf. & Inst. Code, § 726); and (2) insufficiency of the findings to justify removal of said minor from her custody (Welf. & Inst. Code, § 739). Neither point of objection is well taken under the record before this court.

Subdivision (m) of section 700 of the Welfare and Institutions Code provides that the jurisdiction of the juvenile court extends to any person under the age of 21 years *"who violates any law* of this State or any ordinance of any town, city, or county, of this State defining crime."

The original petition for a writ of habeas corpus sets forth that Freda Mickelson is the mother of Norman Etherington, who was then 17 years of age; that on November 30, 1949, said minor was brought before the Juvenile Court of Nevada County for hearing on charges of (1) speeding and (2) resisting arrest committed in November, 1949, in the city of Grass Valley, and (3) contributing to the delinquency of a minor within Nevada County as accused by a warrant of arrest issued against said minor some two months previously but of which neither said minor nor his mother was informed until said minor's arrest in said November; that at the time of the issuance of said warrant, said minor and his mother were domiciled in Nevada City but that after October 19, 1949, they moved their residence to Sacramento, all of which facts were known to the Grass Valley and Nevada City police; that said minor's mother was not notified of the scheduled November 30 hearing on the charges against said minor until 9 a. m. of said day, when said minor at Grass Valley was allowed to telephone her at her home in Sacramento to tell her that

he was "being taken to court" an hour later or at 10 a. m.; that she arrived in Nevada City in the courtroom at about 11:30 a. m., at which time the proceedings had started and testimony was being taken; that at her request, the judge at 12 noon that day continued the proceedings to the following day, December 1, 1949, at 10 a. m. so as to allow her time to employ counsel; that in the limited time available she did engage an attorney for the defense of said minor, and that she and said attorney were present in court the next morning, December 1, when the case was completed and the adjudication made declaring said minor to be a ward of the court and committing him to the California Youth Authority.

Upon such representation in the petition as to the manner of notice of the juvenile court proceedings that was given to the mother of the minor as "the person charged with his custody," this writ was issued. The return and answer to the writ was then filed, and included therewith is the record of the proceedings in the juvenile court. It appears therefrom that a verified petition was filed in the Juvenile Court of Nevada County by Thos. J. Barrett, probation officer, on November 28, 1949, setting forth facts as would bring said Norman Etherington, alleged to be 17 years of age, within the provisions of said above-mentioned subdivision (m) of section 700 of the Welfare and Institutions Code: more particularly, that said minor had on November 18, 1949, committed a misdemeanor through the operation of his motor vehicle in a residential area of the city of Grass Valley at a speed of 56 miles per hour; that on said date he had wilfully and unlawfully resisted arrest by the apprehending police officer; and that on September 13, 1949, he did contribute to the delinquency of two minor girls in committing acts which "would cause or tend to cause said minor persons to lead idle, dissolute, lewd or immoral lives." The petition contained the further allegation setting forth the Nevada City address of Freda Mickelson as the mother of said Norman Etherington and "the person . . . having the custody or control" of him. It also appears that the court issued its order fixing the 30th day of November, 1949, at the hour of 11 a.m. as the time for the hearing and directed that a citation be issued to said Freda Mickelson as "the person having the custody and control of said Norman Etherington," directing her to appear for the hearing; that said Freda Mickelson did not arrive at the courtroom for the hearing

until 11:35 a. m. of said day, and that after her objection to her failure to receive notice of the hearing until ''right close to ten o'clock'' that morning and her statement of her desire to employ counsel in the matter, the judge continued the proceedings, until the next day, December 1, at 10 a. m.; that on December 1, as scheduled, the court convened, said Freda Mickelson and her counsel were present, oral and documentary evidence was introduced in support of the petition, witnesses were produced on behalf of said Norman Etherington—including said minor and his mother, Freda Mickelson—the matter was submitted for decision, the court made written findings that due ''notice of the . . . hearing of said petition ha[d] been given,'' that the ''truth' 'of the alleged facts ''ha[d] been established to [the court's] satisfaction,'' and the said minor, Norman Etherington, was adjudged ''a ward of the Juvenile Court'' and ''committed, until the further order of the court, to the care and custody of the Probation Officer of Nevada County . . . until delivery to the California Youth Authority.''

Thereafter an amended petition for a writ of habeas corpus was filed with this court, wherein it was further alleged that said Juvenile Court of Nevada County ordered the commitment of said minor, Norman Etherington, without making such finding of fact as would authorize its exercise of jurisdiction over him as a ward of the court and his removal from the custody of his mother. Section 739 of the Welfare and Institutions Code provides that ''no ward of the juvenile court shall be taken from the custody of his parent or legal guardian without the consent of the parent or guardian, unless the court finds one of the following facts: (a) that the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the person; (b) that the person has been tried on probation in such custody and has failed to reform; (c) that the person has been convicted of crime by a jury; (d) that the welfare of the person requires that his custody be taken from his parent or guardian.'' The return and answer to the amended petition expressly denied ''any lack of jurisdiction on the part of said Juvenile Court to make the order'' of commitment and ''in that respect'' alleged that ''said Juvenile Court complied with subdivision d, section 739, Welfare & Institutions Code, by certain oral findings made in open court and reflected by the transcript of the proceedings herein,'' as theretofore filed ''as a part of [the] return to the original petition.''

An examination of the record discloses that the jurisdiction of the court to order the commitment in question is not vulnerable to attack in these habeas corpus proceedings.

■ Petitioner's first point of objection rests upon the claim that the court was without jurisdiction to adjudge the minor a ward of the juvenile court because she was not given notice of the hearing of the proceedings as required by section 726 of the Welfare and Institutions Code. That section requires that "a citation . . . directing the parent . . . having the custody or control of the [minor] . . . to appear at the [scheduled] hearing" be served "at least 24 hours before the time stated" therefor. It is undisputed here that petitioner, who concededly had the custody of Norman Etherington, did not receive such prerequisite notice; that, in fact, she learned of the scheduled proceedings only an hour or so before they commenced and that, at her request, they were continued until the next day, allowing petitioner a period of 22 hours to employ counsel. However, the record of the juvenile court proceedings affirmatively establishes that when the matter was heard the next day, petitioner and her counsel were present in the court, neither she nor her counsel made any request for a further continuance or any protest about the failure to give the notice specified by the statute, and the case was presented entirely anew just as though the previous hearing had never commenced and with the single witness who had testified on the prior day being recalled to the stand for the purpose of restating his testimony in full. The cited code section expressly provides that "service of citation may be waived by any person by a voluntary appearance entered in the minutes of the court." The minutes of the proceedings on December 1 show the presence of petitioner, Freda Mickelson, in court during the full day's hearing and the fact of her testimony therein. In such circumstances, petitioner's conduct—her personal appearance at the reset hearing and her participation therein without objection as to the timeliness of the notice to her as the only person entitled thereto under the statute—must be deemed to have constituted a waiver of any insufficiency in that respect as a jurisdictional requirement. (*In re Staser,* 84 Cal.App.2d 746, 753 [191 P.2d 791]; *In re Orosco,* 92 Cal.App.2d 352, 356 [207 P.2d 656]; see, also, *People* v. *Spiers,* 17 Cal.App.2d 477, 484 [62 P.2d 414].)

■ Likewise without merit is petitioner's challenge of the jurisdiction of the court to make the order of commitment de-

priving petitioner of the custody of said minor. The parties agree that the validity of the order stems from a consideration of the sufficiency of the court's findings in relation to section 739, subdivision (d), of the Welfare and Institutions Code, as distinguished from the other classifiable situations under the statute which the record herein concededly does not purport to establish.

As above stated, the petition in the juvenile court proceedings alleged facts bringing the minor, Norman Etherington, within subdivision (m) of section 700 of the Welfare and Institutions Code: (1) speeding; (2) resisting an officer; and (3) contributing to the delinquency of a minor. Testimony was adduced in support of these specific charges and, in addition, the files relating to five other occasions when proceedings had been instituted against said minor for various acts of "theft and malicious mischief" in the course of some five years were admitted in evidence. On behalf of the minor in question, there was his own testimony along with that of petitioner, his mother, and other witnesses were called for the purpose of attesting to his conduct and character. In such presentation of the case the fitness of petitioner to retain parental control of said minor, her son, was directly put in issue and in response to such situation, the court, upon careful consideration of the entire proceedings, summarized its conclusions on this basis: After observing that the "defendant hasn't denied the last escapade"—the speeding charge, his apprehension, escape and rearrest—and that there "wasn't any denial" by him of his "wrong doing of taking" certain minor girls to a cabin for several days in relation to the charge of contributing to their delinquency, the court, in the presence of the parties and their respective counsel, made these pertinent remarks bearing directly on the welfare of the minor in question: "[There is] a background here, commencing in 1944 and running up to the present time which makes a total of five different brushes with the law, and in most of them Norman has been treated very, very leniently. There were two or three occasions in which he himself admitted that he was guilty of the offenses charged against him. *I do not believe, as Judge of this Court, that that can be permitted to go on. There finally comes a time when something has to be done and at this time I am going to make Norman a ward of this court.* He will be placed in the immediate custody of the Probation Officer, who will have authority to confine him in such place as may be necessary until he can be taken by the Youth

Authority and a commitment will issue committing him to the Youth Authority at that time." (Emphasis added.)

Implicit in the foregoing quoted language is the finding that the minor's welfare required that he be taken from the custody of petitioner, as a prerequisite to the court's jurisdiction to make the order of commitment to the California Youth Authority. The authenticity of the complete record of the juvenile court proceedings herein filed is in nowise disputed by petitioner. Under such circumstances and as the pertinent language has been noticed in constituting a finding of the prescribed fact in compliance with the statute's specification (Welf. & Inst. Code, § 739, subd. (d)), petitioner may not prevail here. (*In re Ortiz,* 74 Cal.App.2d 810, 813-817 [169 P.2d 664] ; *In Re Hartman,* 93 Cal.App.2d 801, 807 [210 P.2d 53].)

The writ is discharged and the minor, Norman Etherington, is remanded to custody.

Gibson, C. J., Shenk, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent. It is conceded by the majority that a finding by the trial court is a jurisdictional requisite to depriving petitioner, Norman Etherington's mother, of her parental right to his custody, he being a minor. There is no finding that the welfare of said minor requires that his mother be deprived of his custody. The majority opinion relies upon some oral remarks made by the trial judge at the conclusion of the hearing. Such remarks do not purport to be the findings of the court contemplated by the statute. It made its written findings in its order making Norman a ward of the court. It there stated, after reciting the fact of a hearing: "The court *now finds* the following facts, and each of them, to be true: That the said Norman Etherington is within the County of Nevada, State of California, and is a person under the age of twenty-one years, to wit: of the age of 17 years; That he did operate a motor vehicle in the residential district of Grass Valley at the speed of 56 miles an hour in a 25 mile an hour zone and did wilfully and unlawfully resist officer Townsend and did escape after apprehension. And did contribute to the delinquency of a minor female by concealing her from her parents, and is a person coming within the provisions of subdivision M of section 700 of said Welfare and Institutions Code."

Not one word is said in said findings about the boy's welfare requiring that his mother no longer have his custody or that she is not fit or capable of being his custodian. To rely upon the oral comments of the trial court as constituting the essential findings required by the statute, not only violates the statutory requirement that findings be in writing, but is clearly contrary to express intention of the court.

The Welfare and Institutions Code requires that the court *find* the facts (§ 739). It also provides that when the court shall adjudge the minor to be a ward of the court, its findings, and "All commitment . . . orders shall be in *writing*, and . . . signed by the judge . . ." (Welf. & Inst. Code, § 735.) It is the general rule that findings must be in writing and signed by the judge (see Code Civ. Proc., § 632; *Millard* v. *Legion of Honor,* 81 Cal. 340 [22 P. 864]), and the oral opinion of the court cannot take the place of findings (*Estate of Ingram,* 99 Cal.App. 660 [279 P. 208]). The remarks of the court relied upon by the majority opinion are, at the most, no more than its oral opinion. It follows, therefore, that Norman's detention is unlawful and he should be discharged from custody.

Schauer, J., concurred.