[Civ. No. 7960.   Third Dist.   Feb. 8, 1951.]

ROBERT KNIGHT, Petitioner, v. SUPERIOR COURT OF TEHAMA COUNTY et al., Respondents.

Rawlins Coffman for Petitioner.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondents.

PEEK, J.—Petitioner seeks to restrain the Superior Court of Tehama County from further proceedings in an action wherein petitioner and three other juveniles are charged with the commission of certain criminal offenses.

The record before us shows that following the arrest of petitioner and his codefendants a hearing was had in the Justice's Court of Red Bluff Township in the county of Tehama, at which time it appeared that when the alleged offenses were committed petitioner was under the age of 18 years, to wit, 15 years, and that thereupon the matter was certified to the Juvenile Court of Tehama County. During the hearing in that court the report of the probation officer was filed which, among other things, recommended that the petitioner be returned ·to the certifying court. After some discussion between court and counsel concerning the report the court made its order returning petitioner and his codefendants to the justice's court for further proceedings. At the preliminary hearing in the justice's court petitioner, through his court-appointed counsel, objected to any proceeding therein upon the grounds that said court had no jurisdiction over him in that (1) under section 834 of the Welfare and Institutions Code as adopted in 1949, no court other than the juvenile court has jurisdiction of a minor under the age of 16 years who is charged with the commission of a crime, and (2) that in any event the juvenile court did not find petitioner an unfit subject for consideration by said juvenile court. The objections were overruled and petitioner was held to answer in the superior court. Upon petitioner's arraignment in the superior court his counsel moved that the matter be transferred to the juvenile court and again ob-

jected to a hearing in that court upon the ground that only the juvenile court had sole jurisdiction of the case for the reasons heretofore mentioned. The superior court denied his motion and objection and set the matter for trial, whereupon petitioner filed this proceeding.

His argument in support of his first contention is that while the juvenile court could, prior to the adoption of said section 834, transfer criminal proceedings involving anyone under the age of 18 years to the appropriate court, the Legislature, in adopting said section, indicated its intention that the juvenile court could *only* divest itself of jurisdiction as to minors *over* the age of 16 years.

The section in question provides as follows:

"Whenever a minor over the age of sixteen years is brought before the juvenile court by petition alleging that he comes within the description of subdivision (m) of Section 700, the court shall determine whether the minor is a fit subject for consideration under the Juvenile Court Law and shall make a special finding of fact on this issue. . . . If the court finds that the minor is not a fit subject under the Juvenile Court Law, the court shall dismiss the petition, and direct that criminal proceedings be instituted against the minor under the general law."

We do not agree with petitioner that section 834 can be read independently of the other provisions of the Welfare and Institutions Code. Especially is this true in regard to section 734 of the same code, which provides that,

"If upon the hearing, or at any time thereafter, the court determines that any person alleged to come within the provisions of subdivision (m) of section 700 is not a fit and proper subject to be dealt with under the provisions of this chapter, the court may dismiss the petition, and direct that the person be prosecuted under the general law."

In *People* v. *Wolff*, 182 Cal. 728 [190 P. 22], which was a proceeding under the section of the Juvenile Court Act as originally enacted in 1915 and upon which section the present section 734 is based, it was held that the juvenile court had the power to determine that a person under 16 years of age was not a fit subject for further consideration by that court and could direct that such person be prosecuted under the general law. (See, also, *People* v. *Renteria*, 60 Cal.App. 2d 463 [141 P.2d 37].)

Additionally it should be noted that the Final Report of the Special Crime Study Commission on Juvenile Justice

discusses the reasons for this particular provision, and in part states:

"At the present time the juvenile court has original and exclusive jurisdiction over all persons under eighteen years of age. Many serious offenses are committed by these persons. The natural tendency of the court is to retain jurisdiction and make disposition under procedures prescribed by the Juvenile Court Law. In some cases, most frequently occurring where the youthful offender is sixteen years of age or over, the nature of the case indicated by such factors as prior record, the type of offense, the character of the offender, is such that it should not be included within the philosophy, processing, or available facilities of the juvenile court. The enactment of this recommendation should result in more critical consideration being given to the fitness of the offender for juvenile court handling and should focus attention on the distinctions between the Juvenile Court Law and the Criminal Court Law.

"It is hoped that the law enforcement officers will be alerted to prepare their cases as they would for a trial in the criminal court since it could no longer be assumed that the case would routinely be processed by the juvenile court. In cases which appear to law enforcement officers to be unfit for juvenile court adjudication they would have an incentive to retain evidence and preserve their records as for a criminal trial. This would reduce the number of occasions when for lack of proper evidence to convict in a criminal court, cases acknowledged to be unfit for juvenile court procedure have, nevertheless, been retained in the juvenile court, or on being remanded to the criminal court have been dismissed for lack of evidence."

It is readily apparent from the foregoing report that in sponsoring section 834 it was not its intention to withdraw from the juvenile court the right to exercise its discretion in determining whether or not a delinquent under the age of 18 years was a fit subject under the Juvenile Court Law.

Petitioner's second contention likewise appears to be without merit. The record discloses that the amended minute order remanding petitioner and his codefendants to the justice's court included the following statement:

" 'Well, I am quite inclined to agree. Boys with a record like that should not undertake to use the Juvenile Court. I see no reason why the Juvenile Court should be used as a refuge for such cases as this seems to be.

" 'Well, in view of the situation and the report of the Probation Officer and in view of what appears to be the facts, so far as we know them now, these boys are not in very good standing, having rather bad records.' "

There can be no question but that it is as implicit from the language used by the court that petitioner and his co-defendants are unfit subjects for consideration in the juvenile court as it was implicit from the oral findings of the court in *In re Etherington*, 35 Cal.2d 863, 869 [221 P.2d 942]. (See, also, *In re Hartman*, 93 Cal.App.2d 801 [210 P.2d 53]; *In re Ortiz*, 74 Cal.App.2d 810 [169 P.2d 664].)

The writ of prohibition prayed for is denied and the alternative writ issued by the court is discharged.

Adams, P. J., and Van Dyke, J., concurred.