[Crim. No. 1831.   Fourth Dist.   Mar. 23, 1962.]

In re ELEANOR NY on Habeas Corpus.

Shaw & Morgan for Petitioner.

No appearance for Respondent.

GRIFFIN, P. J.—By petition of Eleanor Ny, it is represented to this court that, on February 16, 1962, she was placed in the county jail and wrongfully restrained of her liberty for an alleged contempt in disobeying an order of the Superior Court of San Diego County, entered on January 2, 1962, whereby she was ordered to deliver physical custody of two minor children to her husband Anthony J. Ny in Chula Vista.

The claim is that the court was without jurisdiction in said contempt proceeding because the declaration or affidavit of the husband, upon which such contempt proceeding was based, is fatally deficient, in that said declaration did not specify any acts of petitioner constituting said alleged contempt; that it has been impossible for petitioner to comply with said order because petitioner has not had physical custody of the minor children since November 20, 1960; that on September 12, 1961, she signed a consent for their adoption; that on December 28, 1961, a petition for abandonment was filed by the adopting parents in the Superior Court of Riverside County under Civil Code, section 232 et seq.; that said adopting parents have had custody and control of said minor children since November 20, 1960, and have refused to allow petitioner such physical custody for the purpose of complying with such order or for any purpose. A certified copy of such petition for abandonment was filed at the time of the hearing.

It is further here alleged that Anthony Ny petitioned the Superior Court of Riverside County, on January 15, 1962, for a writ of habeas corpus commanding the adopting parents to appear in that court and show cause why physical custody of the children should not be given to him. At the hearing, the adopting parents appeared with the children and filed a return thereto (certified copy of which is filed with this court),

but the father failed to appear and the petition for writ of habeas corpus was dismissed.

Upon representation of these facts to this court, petitioner was released from custody on her own recognizance and the hearing on said petition was set for March 13. No return was made and no one appeared except petitioner and her attorney. The matter was submitted for decision.

The petition for abandonment recited that the two minor children were in Riverside County; that they were left by Eleanor Ny, the natural mother, in the care of Virgil and Virginia Eaton, without any provision for their support by the father or mother; that the father did abandon them and they have been with these parties since November 20, 1960, and that the Eatons have commenced proceedings to adopt the children; that the mother is ready to consent to such adoption; that the mother brought a divorce action against Mr. Ny on August 15, 1957, in San Diego Superior Court, and, on an order to show cause, duly dismissed, the father was, on August 28, 1957, ordered to pay $30 per month for the children's support and the mother was given custody and control of them *pendente lite* and the father failed to pay for such support since April 1958, and as of December 16, 1961, he was in arrears in payments in the sum of $5,737.

It is alleged in the petition for writ of habeas corpus filed by the father in Riverside County that on January 2, 1962, he was awarded custody of the minor children in the divorce action in San Diego and the Eatons and Eleanor Ny failed to deliver said children to him in Chula Vista.

The only showing made at the contempt hearing on behalf of the father was his affidavit or declaration stating that on January 2, 1962, the Superior Court of San Diego County ordered plaintiff Eleanor Ny to deliver custody of the two children to defendant father; that the mother appeared in court on December 27, 1961, the date of the hearing, and heard the order made and she has failed to deliver the children to defendant and is guilty of contempt of court and should be incarcerated in jail until she complies with the order.

Upon this bare affidavit, the trial court issued an order to show cause, returnable on February 16, 1962, as to why she should not be punished for contempt for failure to comply with the orders of January 2, 1962, as set forth in the affidavit of Anthony J. Ny attached thereto. The record of the testimony before the trial court, if any, is not before us.

The order of commitment for contempt recites that the

parties appeared with counsel, the matter was heard, and the court found that Eleanor Ny had full knowledge of the *orders* of the court heretofore made and in particular the order dated January 2, 1962; that Mrs. Ny has the continuing ability to comply therewith and has willfully and contemptuously failed and refused so to do; that therefore she is found guilty of contempt of court and committed to the county jail and confined therein until she shall be purged of said contempt by delivery of the children of the parties to the defendant father. This order was dated February 16, 1962.

The facts essential to establish jurisdiction in the contempt proceeding are: (1) the making of the order, (2) knowledge of the order, (3) ability of the accused to render compliance, and (4) willful disobedience of the order. It is also required that the accused be proceeded against under due process. (*Warner* v. *Superior Court,* 126 Cal.App.2d 821, 824 [273 P.2d 89].)

It is well established in this state that the affidavit by which a contempt proceeding is instituted, in order to sufficiently support an adjudication of contempt, must state facts constituting the offense. Otherwise, the court is without jurisdiction. (*Berger* v. *Superior Court,* 175 Cal. 719 [167 P. 143, 15 A.L.R. 373]; *In re Wood,* 194 Cal. 49 [227 P. 908].)

No intendments or presumptions can be indulged in aid of the sufficiency of the proceedings. (*Frowley* v. *Superior Court,* 158 Cal. 220 [110 P. 817].) It is immaterial as affecting the sufficiency of the affidavit what facts are proved or found by the court. (*Ex parte Von Gerzabek,* 63 Cal.App. 657 [219 P. 479].) The accused is entitled to be clearly and fairly apprised of the particular accusation against him. (*In re Felthoven,* 75 Cal.App.2d 465 [171 P.2d 47]; *Hotaling* v. *Superior Court,* 191 Cal. 501 [217 P. 73, 29 A.L.R. 127]; *Groves* v. *Superior Court,* 62 Cal.App.2d 559 [145 P.2d 355].) All elements of charged contempt must be averred in affidavit of accuser and must be developed in the proofs. (*Turkington* v. *Municipal Court,* 85 Cal.App.2d 631 [193 P.2d 795].) A finding that one accused of contempt is in violation of an order of court states only a conclusion of law. (*Harlan* v. *Superior Court,* 94 Cal.App.2d 902, 905 [211 P.2d 942].)

Analyzing the affidavit and commitment, the affidavit merely relates that on January 2, 1962, the court ordered the wife to deliver custody of the children to the father and that

she had knowledge of its making on December 27, 1961, and that she failed to deliver such custody. There is nothing set forth in the affidavit indicating that the wife did, in fact, have custody or physical possession of the children at that time or any time subsequent to the time when she delivered custody to the Eatons, or that she had the ability to comply with the order, or that she failed, without lawful excuse, to deliver them to the father. Furthermore, the trial court found in the commitment that the *orders* (plural) of January 2, 1962, heretofore made (without describing them except by an order dated January 2, 1962) have been violated. From the facts presented, it affirmatively appears that petitioner did not have physical custody of the children and that the husband knew of this by reason of the habeas corpus proceeding instituted in Riverside County. The return to that writ definitely showed the facts above related in reference to the pending adoption proceeding; that the father, since July 1958, secreted himself to avoid paying child support for the minor children; that the home to which the minor children were to be returned was unfit and the party who was to care for them was unfit to have the physical custody and control of them; that in the petition for adoption, the State Department of Social Welfare investigated this home and found that the conditions therein would imperil the physical and moral health and welfare of said minor children; that Eleanor Ny signed the necessary consent before the Department of Social Welfare on September 12, 1961, for the adopting parents to adopt said minor children; and that the adopting parents are the real parties in interest concerning the custody of them under Civil Code, section 232 et seq. It was therein claimed that the petition of abandonment took precedence over the custody order of the superior court entered January 2, 1962. It does not affirmatively appear, from the affidavit upon which the commitment was issued in the contempt proceeding, that petitioner here did have physical custody of the children or that she was able to comply with the order. Accordingly, a finding of ability to perform has no evidentiary support. The order incarcerating petitioner in jail until she "complies with said court order," under the circumstances related, is unauthorized.

Writ granted.

Shepard, J., and Coughlin, J., concurred.