[Crim. No. 4380. First Dist., Div. One. Sept. 6, 1963.]

In re NICK CIRCOSTA on Habeas Corpus.

Herron & Winn, Fred R. Winn and John W. Herron for Petitioner.

Stanley Mosk, Attorney General, Albert W. Harris Jr., and Robert R. Granucci, Deputy Attorneys General, and Matthew S. Walker for Respondents.

SULLIVAN, J.—Petitioner Nick Circosta seeks his release on habeas corpus on the ground that the Superior Court of the City and County of San Francisco acted in excess of its jurisdiction in adjudging him guilty of contempt of court for having violated a permanent injunction and in imposing a judgment of fine and imprisonment for such contempt. The

issuance of such injunction was ordered by the above court in an action entitled *"The People of the State of California, Plaintiff, vs. Nick Circosta, Defendant,"* brought under the Bay Area Air Pollution Control Law. (Health & Saf. Code, § 24345 et seq.)[1] We issued an order directed to the People to show cause why the relief prayed for by petitioner should not be granted and pending further order of this court stayed the enforcement of the judgment of contempt. In response thereto the People and the Bay Area Air Pollution Control District (hereafter referred to as the District) have filed a return. Petitioner has filed a traverse to said return.

The record discloses the following facts.[2] On *December 30, 1958,* the District Attorney of the City and County of San Francisco brought the above-mentioned action against petitioner as defendant. The complaint filed therein contains in substance the following allegations: That on December 12, 1956, after due notice, the board of directors of the District adopted a resolution pursuant to section 24362 declaring it was necessary to adopt regulations to control the release of air contaminants; that on March 20, 1957, after proper legal proceedings, such board "adopted a regulation of such District, entitled Regulation No. 1, a true and correct copy of which is attached to this complaint hereby referred to, marked Exhibit 'A' and incorporated herein to the same extent as though it were here set forth at length"; that defendant from October 1, 1957, to and after December 18, 1958, was and is the owner of certain described property located in San Francisco; that defendant has on repeated occasions, both as owner and occupant of the property, violated Regulation No. 1 "by igniting, permitting to be ignited, suffering, allowing or maintaining open outdoor fires within the Bay Area Air Pollution Control District"; that on December 3, 1958, the

[1] Unless otherwise indicated, all code references hereafter are to the Health and Safety Code.

[2] As part of their return to the order to show cause issued by this court, respondents have brought before us the following: a certified transcript of the clerk's file in the case of *People of the State of California, Plaintiff vs. Nick Circosta, Defendant, San Francisco Superior Court No. 485353*; a copy of Regulation No. 1 adopted by the District, a copy of the findings of fact and certification of the hearing board dated December 29, 1958; a copy of the *Accusation of Air Pollution Control Officer vs. Nick Circosta, Docket No. 43*, filed with the hearing board on December 5, 1958. It is to be noted that the clerk's transcript (certified on June 12, 1963) does not include the above Regulation No. 1 or the above findings and certification as documents then present in the file. This is the crux of the present dispute.

control officer of the District filed an accusation against defendant before the hearing board pursuant to section 24362.5; that after due notice, the hearing board of the District on December 18, 1958, had and conducted a hearing on such accusation and, after the reception of evidence, "the said Hearing Board did on the 29th day of December, 1958, make and enter its order in the said proceeding, a true copy of which is hereunto attached, hereby referred to, marked Exhibit 'B' and incorporated herein as though the same were here set forth at length"; and that the hearing board "certified all of the said facts to the District Attorney of the City and County of San Francisco, on the 29th of December, 1958." The prayer is for an order to show cause why an injunction should not be issued commanding defendant to forthwith cease and desist from maintaining or permitting any outdoor fire within the District "which is not within the exceptions in Regulation No. 1 . . . or without a valid variance granted by the Hearing Board. . . ."[3]

On March 4, 1959, petitioner was served with summons and complaint, order to show cause, declaration in support of preliminary injunction and memorandum of points and authorities. On *April 2, 1959,* petitioner's default was duly entered and "Judgment Granting Permanent Injunction" was rendered and filed. A permanent injunction issued forthwith commanding that petitioner "forthwith cease and desist from permitting, suffering, allowing, maintaining, igniting, or causing to be ignited any open outdoor fire within the Bay Area Air Pollution Control District, which is not within the exceptions of Regulation No. 1 of the Bay Area Air Pollution Control District or without a valid variance granted by the Hearing Board of the Bay Area Air Pollution Control District." This injunction was personally served on petitioner on *April 3, 1959.*

On *June 1, 1959,* contempt proceedings were commenced against petitioner for alleged violations of the above injunction and on September 10, 1959, the superior court made and filed its "Order and Judgment in re Contempt," adjudging petitioner in contempt of court and imposing a judgment of imprisonment but also providing that the sentence for contempt be suspended upon certain conditions being satisfied and complied with by petitioner. Both the judgment of April

---

[3]It should be noted that the hearing board of the District consists of three members appointed by the board of directors (§ 24357) and is a separate body from the board of directors (§ 24352 et seq.)

2, 1959, granting the injunction and the contempt order of September 10, 1959, were signed by the Honorable Orla St. Clair.

In 1961 contempt proceedings were again initiated but were discontinued. An order to show cause *in re* contempt was issued on *February 24, 1961,* returnable *March 16, 1961.* Petitioner filed an affidavit in opposition thereto. According to the affidavit of counsel for the District filed with respondent's return to the order to show cause issued herein, "[t]he order to show cause issued May 24, 1961 [*sic*—probably should be February 24, 1961], was by stipulation of the defendant, Nick Circosta, through his attorney, put off calendar on May 16, 1961, with the understanding that it could go back on calendar on the filing of a new affidavit in re contempt if further violations of the permanent injunction occurred."

On *January 14, 1963,* the contempt proceedings now engaging our attention were initiated with the issuance of an order to show cause *in re* contempt. On *February 13, 1963,* petitioner filed a declaration in opposition thereto in which he "urged," among other things, that the trial court had no jurisdiction to determine whether or not he was in contempt of court since it never acquired jurisdiction to issue an injunction for the following reason: The complaint for injunction did not state facts sufficient to state a cause of action for equitable relief because it did not have attached to it either Exhibit A (Regulation No. 1 of the District) or Exhibit B (the hearing board's order made on December 29, 1958).[4]

It is to be noted that the foregoing objection to the jurisdiction of the court was asserted for the first time in practically identical language in petitioner's affidavit in opposition to the order to show cause issued in connection with the 1961 contempt proceedings which were subsequently put off calendar. The instant record shows that it was not raised

---

[4]In relevant part, petitioner's declaration is as follows: "[T]hat in this respect said complaint alleged that the Bay Area Air Pollution Control District adopted a regulation entitled 'Regulation No. 1', a true and correct copy of which is attached to said complaint hereby referred to and marked Exhibit 'A' and incorporated herein, but that said complaint did not have attached to it said Exhibit 'A'; that, thereafter, said pleading, or complaint, did not set forth said regulation; that said complaint further alleged that the Bay Area Air Pollution Control District Hearing Board made an order on the 29th day of December, 1958; that said complaint alleged that a copy of said order was attached to the complaint and made a part thereof, and marked Exhibit 'B', but no such copy was attached to the complaint at any time; that said complaint never set forth the contents of said order; . . ."

at all during the 1959 contempt proceedings which culminated in the contempt order signed by Judge St. Clair on September 10, 1959.

While the 1963 contempt proceedings were pending, a second order to show cause *in re* contempt was issued on *March 22, 1963,* presenting to the court an additional violation alleged to have been committed by petitioner. On *April 8, 1963,* by stipulation of the parties, both the order to show cause issued January 14, 1963, and the order to show cause issued March 22, 1963, were consolidated for hearing, trial and decision before the Honorable Joseph Karesh.

On May 23, 1963, Judge Karesh signed and caused to be filed an "Order and Judgment in Contempt" adjudging petitioner guilty of contempt of court on eight separate counts of contempt, sentencing him separately on each count, and ordering the issuance of a warrant of commitment. The said contempt order discloses that "evidence was received, [and] testimony heard and considered" on four separate days. It further states that "[t]his Court finds that a permanent injunction was regularly issued on the 2nd day of April, 1959, directed to Nick Circosta" with the provisions already set forth by us herein.

On the same day petitioner filed his instant petition in this court. On May 24, 1963, he filed an amendment thereto.[5] Our reference hereafter to the petition will mean to the petition as amended. For reasons heretofore indicated (see

---

[5]In his original petition filed herein, petitioner asserts that his imprisonment is illegal in that he was held in contempt of court on April 6, 1961, for the violation of both the permanent injunction issued April 2, 1959, and the order and judgment *in re* contempt made September 10, 1959. On May 24, 1963, petitioner filed herein an amendment to his petition for a writ of habeas corpus alleging that his imprisonment is illegal in that on May 23, 1963, he was held in contempt for violation of such permanent injunction. No judgment of contempt dated April 6, 1961, is in the present record and, as we have pointed out, the 1961 contempt proceedings were put off calendar. Petitioner does not explain the relevance of the 1961 proceedings. We construe the petition as being directed at the 1963 proceedings.

The petition also asserts that the order and judgment *in re* contempt given and made on September 10, 1959, had not been served on petitioner and that certain documents filed in the 1961 contempt proceedings nowhere set forth that petitioner had notice or knowledge of said contempt order dated September 10, 1959. Petitioner does not explain and we do not perceive the materiality of these allegations. We deem it unnecessary to make further reference to them.

footnote 5, *ante*) we consider the petition as seeking relief from the contempt order of May 23, 1963.

Respondent's return, which as we have pointed out (see footnote 2, *ante*) has brought before us the record of the court below, states in brief summary that petitioner's confinement is pursuant to the valid order and commitment dated May 23, 1963; that the injunction and orders based thereon were valid and binding on petitioner; that the complaint for injunction states a cause of action and petitioner waived any objection to its sufficiency by failing to answer it; that petitioner had full knowledge of the orders of contempt forming the basis of the current commitment; and that, generally speaking, all proceedings below were in accordance with applicable law. All allegations of the return are denied by petitioner in his traverse, except those asserting his knowledge of the orders of contempt.

Simply stated, petitioner's sole contention before us is that the above-mentioned permanent injunction which underlies the contempt proceedings is void because Exhibits A and B were not physically attached to the complaint for injunction. The gist of the argument thus proposed is that, *without* the foregoing exhibits, the complaint fails to set forth facts sufficient to state a cause of action for equitable relief or for the issuance of such injunction. Petitioner does not challenge the sufficiency of the complaint *with* the above exhibits attached. It is also to be noted that petitioner does not otherwise assert any fatal defect in the contempt proceedings themselves. We are not presented with a situation, for example, where the affidavits by which the contempt proceeding itself was initiated are claimed to be fatally insufficient. (See for example: *Freeman* v. *Superior Court* (1955) 44 Cal.2d 533 [282 P.2d 857]; *In re Ny* (1962) 201 Cal.App.2d 728 [20 Cal.Rptr. 114].)

█ It is elementary that as a general rule the court on habeas corpus is limited to the single question of jurisdiction. (*In re Carpenter* (1939) 36 Cal.App.2d 274, 277 [97 P.2d 476]; *In re Lande* (1950) 96 Cal.App.2d 926, 928 [216 P.2d 909]; *In re Ferguson* (1954) 123 Cal.App.2d 799, 802 [268 P.2d 71]; *In re Elias* (1962) 209 Cal.App.2d 262, 264 [25 Cal.Rptr. 739].) █ The scope of the inquiry on habeas corpus extends to the entire record of the court below in order to determine whether the court had jurisdiction and whether such jurisdiction was exceeded. (*Hotaling* v. *Superior Court* (1923) 191 Cal. 501, 504-505 [217 P. 73, 29 A.L.R. 127]; *In re Lake* (1924) 65 Cal.App. 420, 423-425 [224 P. 126]; *In re*

*Lande, supra; In re Higgins* (1962) 199 Cal.App.2d 1, 10 [18 Cal.Rptr. 316].) Thus it has been said that the scope of inquiry on habeas corpus is precisely the same as on certiorari. (*In re Drew* (1922) 188 Cal. 717, 720 [207 P. 249]; *In re Lake, supra; In re Lande, supra.*) Since there is no appeal from an order made in a contempt proceeding, one adjudged guilty of contempt can invoke the remedies of habeas corpus or certiorari, both bringing into play the same scope of review. (Code Civ. Proc., § 1222; *In re Lake, supra.*)

 Where a contempt order is thus reviewed, no presumptions of the regularity, validity or sufficiency of the proceedings in support of the judgment of contempt can be indulged in. (*Freeman* v. *Superior Court, supra,* 44 Cal.2d 533, 536; *In re Wells* (1946) 29 Cal.2d 200, 201 [173 P.2d 811]; *Kroneberger* v. *Superior Court* (1961) 196 Cal.App.2d 206, 209 [16 Cal.Rptr. 339]; *In re Ny, supra,* 201 Cal.App.2d 728.)[6] As the court said in *Freeman*: "A contempt proceeding is not a civil action but is of a criminal nature even though its purpose is to impose punishment for violation of an order made in a civil action. [Citation.] Accordingly, no presumptions of validity may be indulged in support of judgments in contempt, as would be the case with respect to ordinary judgments. [Citations.] But an examination will be made of the whole record before the trial court to determine whether there was any substantial evidence before it to sustain its exercise of jurisdiction. [Citations.]" (44 Cal.2d at p. 536.)

 It is also the settled rule in habeas corpus proceedings that the petitioner has the burden of establishing the necessary grounds for his release. (*In re Berry* (1955) 43 Cal.2d 838, 846 [279 P.2d 18]; *In re Riddle* (1962) 57 Cal.2d 848, 852 [22 Cal.Rptr. 472, 372 P.2d 304]; *In re Oxman* (1950) 100 Cal.App.2d 148, 151 [223 P.2d 66]; *In re Finn* (1957) 155 Cal.App.2d 705, 711 [318 P.2d 816]; *In re Stafford* (1958) 160 Cal.App.2d 110, 116 [324 P.2d 967]; *In re Merkle* (1960) 182 Cal.App.2d 46, 48-49 [5 Cal.Rptr. 745].)

 In the instant case petitioner has failed to sustain such burden. The record shows that petitioner's default was duly entered after he failed to appear and answer the complaint for injunction. Petitioner at no time sought to be

---

[6]There are statements contra in some cases: See, for example, *In re Staser* (1948) 84 Cal.App.2d 746, 749 [191 P.2d 791]; *In re Oxman* (1950) 100 Cal.App.2d 148, 151 [223 P.2d 66]; *In re Stafford* (1958) 160 Cal.App.2d 110, 116 [324 P.2d 967].

relieved of such default. He is deemed to have consented to the issuance of the injunction. (*Wilshire Mortgage Corp.* v. *O. A. Graybeal Co.* (1940) 41 Cal.App.2d 1 [105 P.2d 996].) "Appellant, by permitting his default to be entered, confessed the truth of all the material allegations in the complaint, and the judgment by default is just as conclusive upon the issues tendered by the complaint as if rendered after answer filed and trial on allegations denied by the answer. [Citations.]" (*O'Brien* v. *Appling* (1955) 133 Cal.App.2d 40, 42 [283 P.2d 289].) As the court stated in *Brown* v. *Brown* (1915) 170 Cal. 1, 5 [147 P. 1168]: "Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him. The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint. The proceeding is equivalent to a statement by Brown to plaintiff that he did not object to a divorce for the cause alleged, based upon the theory that there was no community property existing at the time the action was begun. When judgment is rendered upon such a complaint and default, it becomes, in effect, a contract between the parties that the judgment shall be final with respect to everything properly embraced within the allegations of the complaint and in the prayer for relief." (Citing 1 Freeman on Judgments, § 330.)

By permitting his default to be entered petitioner not only admitted, *inter alia*, that the board of directors of the District adopted Regulation No. 1 on March 20, 1957, but also admitted that a true and correct copy of such regulation was attached to the complaint when it was filed. Similarly, petitioner not only admitted that the hearing board made its order on December 29, 1958, but that a true copy of the order was also attached to the complaint when filed. Both the regulation and the order became an integral part of the complaint "as though the same were here set forth at length." There can be no question of the People's right to

so plead their provisions. (*Holly Sugar Corp.* v. *Johnson* (1941) 18 Cal.2d 218, 225 [115 P.2d 8]; *Bryne* v. *Harvey* (1962) 211 Cal.App.2d 92, 103 [27 Cal.Rptr. 110]; 2 Witkin, Cal. Procedure, pp. 1176-1177.) ■ The effect of the default was an admission by petitioner of the regulation and order as thus set forth and pleaded. On the narrow issue now before us, petitioner must be deemed to have confessed that at the time of the filing of the complaint true and correct copies of the regulation and order in question were physically attached to the pleading.

■ Petitioner has produced nothing here to the contrary. Petitioner's own statement in his verified petition "that Exhibits A and B, referred to in said complaint, were not attached or a part of said complaint" is clearly but a statement of petitioner's position or contention for the issuance of the writ. It is clearly nonfactual and nontestimonial in character. Nowhere in this record does petitioner state that he examined the original complaint at or about the time it was filed or at any time between its filing and the entering of the default judgment and that he then observed that the exhibits in question were not attached thereto. Indeed, it is significant, we think, that petitioner has made no statement in this record or any representation to this court that the *copy* of the complaint which he received when served did not have Exhibits A and B attached to it. As a part of his traverse, petitioner has included certifications executed by his counsel pursuant to Code of Civil Procedure section 2015.5. The substance of these statements is that in April 1961 when both counsel examined the file in the county clerk's office the exhibits in question were neither attached to the complaint nor anywhere in the file. Giving full value to these statements they do not establish that the exhibits were not attached to the complaint over two years before when it was filed or when the judgment was entered.[7]

---

[7]Mr. Herron, one of petitioner's counsel, further states in his above declaration that at the time he examined the complaint he "did not notice anything . . . which would cause me to feel that there was any tampering or any reason to consider that any papers had been removed. . . ."

Mr. Winn, one of petitioner's counsel, further states in his declaration that "[a]t the time I looked at the said complaint I do not recall anything unusual or out of the ordinary about the manner of the fastening of the pages of the complaint together and the manner in which the complaint was fastened together, appeared to me to be normal and usual."

Nevertheless, the county clerk's file which we have had transmitted

In a sense, petitioner proposes a narrow and unusual issue. Our research has disclosed no California case dealing squarely with the instant problem. Nevertheless, on the present record, we feel it is incumbent upon petitioner to establish that the two exhibits in question were not attached to the complaint at the time it was filed, a burden petitioner has not met. It is of course obvious that they are not there now. Giving full weight to the declarations of petitioner's counsel, it can be said that they were not there in April 1961. However, in our view, these circumstances do not, either singly or together, dissolve petitioner's theretofore existing judicial admission (see *Bohn* v. *Watson* (1954) 130 Cal.App.2d 24, 33 [278 P.2d 454]) that the exhibits were attached to the complaint over two years before, on December 30, 1958, when it was filed. We think that to hold otherwise would be to permit a litigant, who has by his default confessed to the existence of a fact in the record, to assert long after entry of a default judgment against him, and when fortuitous circumstance may offer to him a more felicitous condition of the record, the nonexistence of the very same fact as the basis of a jurisdictional defect.[8]

■ However, even if we assume *arguendo* that the complaint did not have the exhibits attached to it when it was filed, we believe petitioner still cannot prevail in these proceedings. The People's complaint for the injunction rested on the provisions of section 24367.11 of the Health and Safety Code. Such section, as in effect at the time the complaint was filed, provided as follows: "Whenever the *hearing board finds* that any person *is in violation* of any order, rule or *regulation* of the board, and that no variance is justified, and that reasonable time has been allowed for compliance, the hearing board *shall certify such facts to the district attorney* for the county in which the discharge originates, whereupon such district attorney shall petition *the superior court* in and for the county for the issuance of an injunction restraining such person or persons from continuing any activity causing

here, discloses that the complaint is fastened by a single staple in the upper left hand corner and that beneath the staple are two holes from which a staple has apparently been removed.

[8]Documents are sometimes missing from the county clerk's files. We observe for example that the file in the instant case does not presently contain the following documents, copies of which, the record shows, were delivered to petitioner: Declaration in Support of Preliminary Injunction, Memorandum of Points and Authorities and Order to Show Cause, all of which were filed or issued at the time the complaint was filed.

or threatening a pollution or nuisance. . . . The *court shall thereupon issue an order* directing the person *to appear* before the court *and show cause* why the injunction should not be issued. Thereafter *the court shall have jurisdiction of the matter*, and proceedings thereon shall be conducted in the same manner as in any other action brought for an injunction. The court shall receive in evidence any order, rule or regulation of the board, any transcript of the proceedings before the hearing board, and such further evidence as the court in its discretion deems proper.'' (Italics added.)

The complaint before us, considered without the incorporated matters of the exhibits, contains in substance the following allegations: That the board of directors of the District adopted a resolution of necessity pursuant to section 24362[9] that the District adopt rules and regulations; that the board of directors adopted Regulation No. 1; that the defendant owned and was in possession of property within the District; that the defendant repeatedly violated Regulation No. 1 by igniting and permitting open outdoor fires within the District; that the control officer of the District filed an accusation against defendant before the hearing board pursuant to section 24362.5[10]; that a hearing was held and evidence received on the accusation; that after such matter was submitted for decision the hearing board on December 29, 1958, made an order and certified ''all of the said facts'' to the district attorney.

Petitioner contends that the complaint for injunction thus examined does not state facts sufficient to constitute a cause of action for the issuance of an injunction. However, no issue is raised as to the jurisdiction of the court below in the fundamental sense. It is not disputed that petitioner was within the jurisdiction of the court and that the court had jurisdiction of the parties. ▇ Nor is it disputed that the tribunal in question had jurisdiction of the type of case involved. Applying the recognized rule that '' [t]he test of the

---

[9]Section 24362 provides in revelant part: ''At any time after October 1, 1956, the board may by resolution declare it necessary that the district adopt rules and regulations to control the release of air contaminants in order to reduce or alleviate air pollution within the district. . . .'' (Thereafter follows the prescribed procedure for the declaration of such resolution.)

[10]Section 24362.5 provides in relevant part: '' [I]f the control officer finds that any order, rule or regulation of the board is being violated after a reasonable time has been allowed for compliance, the control officer shall notify the hearing board of such facts and request a public hearing on the matter.''

jurisdiction of a court is to be found in the nature of the case as made by the complaint and the relief sought'' (*Silverman* v. *Greenberg* (1938) 12 Cal.2d 252, 254 [83 P.2d 293]; see also *St. James Church* v. *Superior Court* (1955) 135 Cal.App. 2d 352, 356 [287 P.2d 387]), it is too plain to require extended discussion that the complaint seeks an injunction, as such sets forth a case in equity (*Coast Truck Line* v. *Asbury Truck Co.* (1933) 218 Cal. 337, 339 [23 P.2d 513]) and thus falls within the constitutional grant of power conferred upon the court below.

Petitioner's attack is aimed at a narrower target. It is argued that the complaint does not allege sufficient facts to show that the conditions prescribed by section 24367.11 for the commencement of an action for injunctive relief have been satisfied and that therefore the injunction was not authorized. Petitioner appears to concede that the complaint properly alleges that Regulation No. 1 was adopted and that petitioner (as defendant therein) repeatedly violated such regulation by igniting and permitting open outdoor fires. However, petitioner argues that the complaint (without the exhibits) must but does not contain an allegation that Regulation No. 1 prohibited the maintaining of open outdoor fires. We do not agree. We think that the pertinent allegations on this point, summarized by us above to the effect that the defendant (petitioner herein) repeatedly violated Regulation No. 1 by igniting and permitting open outdoor fires, reasonably mean that he so violated the regulation because it prohibited such fires. Certainly these allegations adequately inform the defendant that he is charged with the commission of illegal acts.

It is further argued that the complaint must but does not contain an allegation that the hearing board found that the defendant (petitioner) was in violation of Regulation No. 1, that no variance was justified and that reasonable time had been allowed for compliance with such regulation. However, as already pointed out, it is alleged not only that the defendant violated Regulation No. 1 in the manner explained above, but immediately following such allegation, that an accusation was filed against him pursuant to section 24362.5. The latter section (see footnote 10, *ante*) clearly refers to action by the control officer upon finding that a regulation is being violated. Taken together, both allegations reasonably mean that the defendant violated Regulation No. 1 by igniting and permitting open outdoor fires and the control officer upon find-

ing such violations filed an accusation against the defendant.

The complaint thereupon alleges, as already pointed out, the holding of a hearing "on such accusation," the taking of testimony and reception of evidence, the submission of the matter for decision, the making of an order "in the said proceeding" (without more under the assumption we now make) and the certification of "all of said facts" to the district attorney. In our opinion these allegations adequately set forth the underlying violations and the occurrence of the procedural prerequisites necessary to the invoking of equity jurisdiction under section 24367.11. In summary, they state that the defendant violated the regulation in question and was accused of doing so before the hearing board which heard, decided and certified the matter. While not recommended as a model of pleading, clearly these allegations were a statement in effect that the hearing board by making its order and certification had found that the defendant was in violation, that no variance was justified and that a reasonable time had been allowed for compliance because under the provisions of the statute no certification to the district attorney could otherwise be made. We have pointed out that on the filing of the complaint an order to show cause issued as required by section 24367.11. Upon such event, the court, as the foregoing statute provided, had "jurisdiction of the matter."

In view of our above conclusions it is not necessary to consider respondent's claim that the complaint stated sufficient facts under section 24360.7.

The order to show cause and staying enforcement of the order and judgment in contempt is discharged. The petition for the writ of habeas corpus is denied.

Bray, P. J., and Molinari, J., concurred.