Filed 11/6/13  Ransome v. Super. Ct. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| STACI MICHELLE RANSOME,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>    Respondent;<br><br>ERIC BERZELLE RANSOME, SR.,<br><br>    Real Party in Interest. | 2d Civil No. B249720<br>(Super. Ct. No. D349590)<br>(Ventura County) |

THE COURT[*]:

>        The trial court found petitioner Staci Michelle Ransome (Mother) in contempt for a violation of a custody and visitation order.  We annul the trial court's finding of contempt because the order is silent concerning resolution of disputes, if any, regarding supervised visitation.

---

[*] Gilbert, P. J., Yegan, J., Perren, J.

FACTS

On February 5, 2013, the trial court awarded Mother sole legal and physical custody of the parties' two-year-old child. The trial court's order permitted real party in interest Eric Berzelle Ransome, Sr. (Father) one 4-hour supervised visit each week. The court's February 5 order provided that the supervised visitation could be with a professional, nonprofessional, or "[a]ny other mutually agreed-upon third party as arranged." The order also specified that "[t]he exact days and times of visitations will be coordinated through the supervisor."

On March 17, 2013, Mother arrived at the agreed-upon location with the professional supervisor of her choice; Father arrived at the location with the professional supervisor of his choice. Father refused to utilize the services of Mother's supervisor and Mother refused to utilize Father's supervisor. As a result, Father did not have his visitation.

Father initiated proceedings under Code of Civil Procedure section 1211.5 to hold Mother in contempt for refusing to allow him to have his supervised visitation. On June 14, 2013, the trial court found Mother in contempt for violating its February 5 order because she "failed to turn the minor child over for supervised visitation." The trial court ordered Mother to complete 40 hours of community service and placed her on formal probation for two years.

Mother filed the instant petition for a writ of certiorari, challenging the trial court's finding of contempt.[1] (Code Civ. Proc., §§ 904.1, 1222; *McComb v. Superior Court* (1977) 68 Cal.App.3d 89, 93, fn.1 [judgment of contempt reviewable by writ of certiorari].) We granted review and stayed enforcement of the order pending resolution of this petition.

---

[1] Mother also argued the trial court exceeded its jurisdiction by placing her on probation for two years. Because we annul the contempt conviction, we do not discuss this contention. We also do not discuss Father's additional claims, raised in his opposition. (*Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 922 [a party may not raise new issues for review in his opposition].)

2

## DISCUSSION

When reviewing an adjudication of contempt, our inquiry is whether there was any substantial evidence before the trial court to prove the elements of the contempt. (*Board of Supervisors v. Superior Court* (1995) 33 Cal.App.4th 1724, 1736-1737; see also *In re Coleman* (1974) 12 Cal.3d 568, 572-573.) Absent such evidence, the order must be annulled.

The elements of contempt are: (1) a valid court order; (2) the citee's knowledge of the order; and (3) the citee's willful noncompliance with the order. (*Moss v. Superior Court* (1998) 17 Cal.4th 396, 428.) Punishment for contempt "can only rest upon clear, intentional violation of a specific, narrowly drawn order. Specificity is an essential prerequisite of a contempt citation. [Citations & fn. omitted.]" (*Wilson v. Superior Court* (1987) 194 Cal.App.3d 1259, 1272-1273.) "Any ambiguity in a decree or order must be resolved in favor of an alleged contemnor. [Citation.]" (*In re Blaze* (1969) 271 Cal.App.2d 210, 212.)

The trial court's order of February 5 is not specific. Nor is it narrowly drawn. If the parties cannot agree on a supervisor, the custody and visitation order does not provide a method for resolving such disputes. Mother may not be held in contempt for a violation of an order that fails to provide a clear directive to apprise the parties of what they may or may not do.

Accordingly, we annul the trial court's order of June 14, 2013, finding Mother guilty of contempt, and vacate our temporary stay order of July 9, 2013. Each party shall bear their own costs.

NOT TO BE PUBLISHED.

3

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Morgan Law Firm, Gina S. Berry for Petitioner.

No appearance for Respondent.

Law Office of Gary W. Norris and Cameron T. Norris for Real Party in Interest.